United States District Court
Middle District of Florida
Jacksonville Division

**BYRON KEITH HAYNES,**

 *Plaintiff,*

v.                NO. 3:13-cv-1149-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

_____

## Order Granting Unopposed Petition

Byron Haynes's attorney, Chantal Harrington, Esquire, has filed a petition under 42 U.S.C. §§ 406(b) and 1383(d)(2) (incorporating § 406(b)) and 20 C.F.R. §§ 404.1728(b) and 416.1528(b) asking for authorization to charge Haynes a net fee of **$12,505.91** for her successful representation of him in this case. Doc. 24.[1] The Commissioner of the Social Security Administration ("SSA") does not oppose the request. Doc. 24 at 3. Haynes's position is unknown.

## Background

In 2010, Haynes applied for disability insurance benefits and supplemental security income. Tr. 182–88. The SSA denied his application initially and on reconsideration, an Administrative Law Judge found no disability, and the Appeals

---

[1]Harrington filed the petition and the memorandum of law supporting it in separate documents. *See* Docs. 24, 24-1. Local Rule 3.01(a) requires a movant to include the request for relief and legal memorandum "in a single document." Harrington is again directed to comply with that rule. *See Kuehl v. Comm'r of Soc. Sec.*, No. 3:14-cv-884-J-PBD, 2017 WL 26855, at *1 n.1 (M.D. Fla. Jan. 3, 2017) (unpublished).

Council denied review. Tr. 1–6, 16–34, 100–03, 106–19. Lori Gaglione, Esquire, represented him during agency proceedings. Tr. 36, 104–05.

Haynes brought this case to challenge the SSA's denial of benefits. Doc. 1. Haynes and Harrington entered into a standard contingent-fee agreement under which Harrington agreed to represent him in this case, and he agreed to pay her 25 percent of any past-due benefits minus any attorney's fees paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 24-3.

Harrington proceeded to represent Haynes in this case. She filed a standard complaint, Doc. 1, and 23-page brief arguing why the Commissioner was wrong, Doc. 17. The Commissioner filed an unopposed motion to remand. Doc. 18. The Court granted the motion, reversed the denial of benefits, and remanded the case for further agency proceedings. Doc. 19. The Court later awarded Hayes **$4151.84** in EAJA fees based on 22.2 hours at **$187.02** an hour. Docs. 21 (motion), 22 (order).

On remand, the SSA determined that Haynes was entitled to past-due benefits and withheld 25 percent of those benefits (**$24,657.75**) for attorney's fees. Doc. 24-4. The current petition followed. Doc. 24.

**Authority**

Three provisions governing attorney's fees apply: 42 U.S.C. §§ 406(a) and (b) and the EAJA, 28 U.S.C. § 2412(d).

Section 406(a) provides an attorney may request fees for work performed during the administrative proceedings, and the agency must allow them if the claimant succeeds on appeal. Alternatively, an attorney may file a contingent-fee agreement before the benefits ruling. 42 U.S.C. § 406(a)(2)(A). If the claimant succeeds, the SSA will approve the agreement if the fees do not exceed the lesser of 25 percent of past-due benefits or $6000. 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed. Reg. 6080 (Feb. 4, 2009).

For representation during court proceedings, § 406(b) provides an attorney who obtains remand may request fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from—not in addition to—the past-due benefits. 42 U.S.C. § 406(b)(1)(A). The combined fees under §§ 406(a) and 406(b) may not exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Under the EAJA, a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour (unless a special circumstance justifies more). 28 U.S.C. § 2412(d)(2)(A). An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA fees from the § 406(b) petition. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

A court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), when evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement.

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that


For representation during court proceedings, § 406(b) provides an attorney who obtains remand may request fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from—not in addition to—the past-due benefits. 42 U.S.C. § 406(b)(1)(A). The combined fees under §§ 406(a) and 406(b) may not exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Under the EAJA, a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour (unless a special circumstance justifies more). 28 U.S.C. § 2412(d)(2)(A). An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA fees from the § 406(b) petition. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

A court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), when evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement.

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that

increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

*Gisbrecht* held that the claimant's attorney must show that the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

When assessing the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fees. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010). As to *Gisbrecht*'s windfall prohibition, the Fifth Circuit has explained:

> [I]f a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time. In this way, *Gisbrecht*'s 'windfall' does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making.

*Id.* at 381.

## Analysis

Harrington requests an award of **$16,657.75** (25 percent of Haynes's past-due benefits, **$24,657.75**, minus the anticipated § 406(a) fees, **$8000**). Doc. 24 at 1–2. After refunding the previously awarded EAJA fees (**$4151.84**), the net fee is **$12,505.91**. Doc. 24 at 1. Harrington states **$16,657.75** is only 16.8 percent of past-due benefits and will be full payment of all attorney's fees and costs Haynes owes. Doc. 24-1 at 3.

4

To satisfy her burden of establishing that the requested fees are reasonable, Harrington points to the following: the risk of loss was substantial; Haynes benefitted from her significant experience in social-security cases (over 20 years) and obtained substantial past-due benefits (over **$98,000**); she performed additional, noncompensable work after remand; she acted diligently; other courts have approved higher fees for similar work; he consented to pay a higher percentage of past-due benefits than requested here, and the fee does not result in a windfall to her. Doc. 24-1 at 7–16.

The Court finds **$16,657.75** is reasonable. Although this case was not more difficult or riskier than most (and Harrington does not claim otherwise), a reasonableness finding is warranted based on several factors combined: the §§ 406(a) and (b) fees together consume 25 percent of Haynes's past-due benefits, Harrington is an expert in social-security law, Harrington accepted the case despite the general risks of filing a social-security case after initial agency setbacks, Harrington exhibited diligence, and Haynes, with Harrington's help, succeeded.

In making that finding, the Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the case, *see Gisbrecht*, 535 U.S. at 808, and further mindful that Haynes's past-due benefits (over **$98,000**) were substantial, Doc. 24-1 at 7, while Harrington's hours on the case (22.2) were not, Doc. 21-1, making her effective hourly rate presumably much higher than an ordinary hourly rate in the Jacksonville legal market for the same type of work by counsel with comparable skill and experience.[2] But based on all of the above facts, the Court attributes Haynes's success to Harrington's efficient endeavors in this case, making it appropriate for her to "reap the benefit of her work." *See Jeter*, 622 F.3d at 380–81 (quoted).

---

[2]Harrington states she does not perform work on a noncontingent basis and so "does not have a 'normal noncontingent rate.'" Doc. 24-1 at 12–13.

## Conclusion

Thus, the Court:

1. **grants** the petition, Doc. 24; and

2. **authorizes** Harrington to charge Haynes a net fee of **$12,505.91** ($16,657.75 minus EAJA fees of $4151.84) out of his past-due benefits award for her successful representation of him in this case.

**Ordered** in Jacksonville, Florida, on March 13, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record